IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TIMOTHY WAYNE OSBORNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 118-117 |
| | ) | |
| LOGAN MARSHALL, Sheriff; RONNIE | ) | |
| WILLIAMSON, Major; and IMOGENE | ) | |
| CROWDER, Jailer, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, a pretrial detainee at McDuffie County Detention Center in Thomson, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this civil rights case. Because Plaintiff is proceeding IFP, his complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

## I.  SCREENING OF THE COMPLAINT

### A.  BACKGROUND

Plaintiff names the following Defendants: (1) Logan Marshall, Sherriff; (2) Ronnie Williamson, Major; and (3) Imogene Crowder, Jailer. (Doc. no. 1, pp. 2-3.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows. On May 27, 2018, at approximately 11:25 a.m. to 11:35 a.m., Plaintiff was in the chow line. (Doc. no. 1-1, p. 2.) Defendant Crowder told David Bryson Murphy she would slap

him. (Id.) Plaintiff asked why Defendant Crowder wanted to slap Mr. Murphy. (Id.) Defendant Crowder replied by stating she would slap Plaintiff. (Id.) Plaintiff stated he wished she would slap him. (Id.) Defendant Crowder then slapped Plaintiff in the face. (Id.; doc. no. 1, p. 4.) As a result, Plaintiff suffered from blurry vision and redness in his eye. (Doc. no. 1, p. 5.)

**B.     DISCUSSION**

**1.     Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it

2

"offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Valid Claim against Defendants Marshall and Williamson

The Eleventh Circuit has held that a district court properly dismisses a defendant where a plaintiff fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Plaintiff's only mention of these Defendants is in his defendant list. (Doc. no. 1, pp. 1, 3.) Because Plaintiff alleges no facts regarding Defendants Marshall and Williamson anywhere in his complaint, he fails to state a claim against these Defendants.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's claims against Defendants Marshall and Williamson be **DISMISSED**. In a

companion Order, the Court has allowed Plaintiff's Eighth Amendment claim for excessive force against Defendant Crowder.

SO REPORTED and RECOMMENDED this 19th day of October, 2018, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA