IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TIMOTHY WAYNE OSBORNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 118-117 |
| | ) | |
| IMOGENE CROWDER, Jailer, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Plaintiff commenced the above-styled civil action pursuant to 42 U.S.C. § 1983. He is *pro se* and is currently proceeding *in forma pauperis*. On December 24, 2018, Defendant filed her answer to Plaintiff's complaint and addressed the certificate of service to Plaintiff at Georgia Diagnostic and Classification State Prison in Jackson, Georgia. (Doc. no. 17.) On December 26, 2018, the Clerk of Court issued a scheduling notice to Plaintiff at McDuffie County Jail to inform him of the discovery deadlines in this case. (Doc. no. 18.) On January 3, 2019, the scheduling notice mailed to Plaintiff was returned with the initials for return to sender, "RTS," on the envelope. (Doc. no. 19.) Plaintiff has not filed a notice of change of address with the Court, and his address remains listed as McDuffie County Jail.

In light of Defendant's certificate of service, the Court confirmed, through publicly available records from the Georgia Department of Corrections, Plaintiff is currently housed at Georgia Diagnostic and Classification State Prison in Jackson, Georgia. (See id.; http://www.dcor.state.ga.us (follow "Find an Offender" link; then search by name "Osborne,

Timothy" last visited January 11, 2019)); see also Universal Express, Inc. v. U.S. S.E.C., 177 F. App'x 52, 53 (11th Cir. 2006) ("'The . . . court may take judicial notice of public records and may thus consider them on a motion to dismiss.'") (quoting Stahl v. U.S. Dep't of Agric., 327 F.3d 697, 700 (8th Cir. 2003)). Thus, the Court **DIRECTS** the **CLERK** of **COURT** to update Plaintiff's address to Georgia Diagnostic and Classification State Prison in Jackson, Georgia. Additionally, Plaintiff likely has not received the December 26th scheduling notice because it was sent to McDuffie County Jail. Thus, the Court **DIRECTS** the **CLERK** of **COURT** to attach a copy of the December 26th scheduling notice to Plaintiff's service copy of this Order. (Doc. no. 18.)

Further, it is imperative Plaintiff keep the Court abreast of his address. On October 19, 2018, the Court warned Plaintiff "[w]hile this action is pending, Plaintiff shall immediately inform this Court and opposing counsel of any change of address. Failure to do so will result in dismissal of this case." (Doc. no. 14, p. 3.) A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to

2

prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Therefore, if Plaintiff wishes to continue prosecuting this case, he must keep the Court and opposing counsel informed of any new changes to his address.

SO ORDERED this 16th day of January, 2019, at Augusta, Georgia.

*(signature)*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA