IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| TIMOTHY WAYNE OSBORNE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 118-117 |
| | ) |
| IMOGENE CROWDER, Jailer, | ) |
| | ) |
| Defendant. | ) |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, formerly detained at Georgia Diagnostic and Classification State Prison in Jackson, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983 allegedly occurring at McDuffie County Detention Center in Thompson, Georgia. He is *pro se* and is currently proceeding *in forma pauperis* ("IFP"). The Court has been informed the Clerk of Court's Notice that Defendant Crowder filed a motion for summary judgment sent on June 12, 2019, has been returned; Plaintiff is no longer located at the address he has on file with the Court. (See doc. no. 24.) Plaintiff was directed in the Court's July 25, 2018 and January 16, 2019 Orders to immediately inform the Court of any change in address, and he was told that the failure to do so would result in the dismissal of his case. (Doc. no. 3, pp. 3-4; doc. no. 20.)

In fact, this is the second time Plaintiff failed to update the Court of his address. (See doc. no. 20.) On December 24, 2018, Defendant Crowder filed her answer to Plaintiff's complaint and addressed the certificate of service to Plaintiff at the Georgia Diagnostic and

Classification State Prison in Jackson, Georgia. (Doc. no. 17.) On December 26, 2018, the Clerk of Court issued a scheduling notice to Plaintiff at McDuffie County Jail to inform him of the discovery deadlines in this case. (Doc. no. 18.) On January 3, 2019, the scheduling notice mailed to Plaintiff was returned with the initials for return to sender, "RTS," on the envelope. (Doc. no. 19.) Plaintiff did not file a notice of change of address with the Court, and his address remained listed as McDuffie County Jail. However, because Defendant Crowder served her answer on Plaintiff at Georgia Diagnostic and Classification State Prison, the Court directed the clerk to update Plaintiff's address. (Doc. no. 20.) The Court further stressed to Plaintiff the importance of keeping the Court abreast of his current address or face dismissal. (Doc. no. 20, pp. 2-3.)

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially

2

where the litigant has been forewarned." Owens v. Pinellas Cty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court").

Here, Plaintiff's failure to keep the Court informed of his address is a direct violation of the Court's July 25, 2018 and January 16, 2019 Orders and saddles the Court with a stagnant case in which no communication with Plaintiff seems possible. Indeed, the Court has previously tried to communicate with Plaintiff about the importance of informing the Court of his current address, but his address is not current. (See doc. no. 20.) Plaintiff has not communicated with the Court since filing a motion on October 3, 2018. (See doc. no. 10.) Plaintiff was warned twice that failure to immediately notify the Court of any change of address would result in dismissal of his case. This is precisely the type of neglect contemplated by the Local Rules. The Court also finds that the imposition of monetary sanctions is not a feasible sanction because Plaintiff is proceeding IFP and no portion of the filing fee has been paid. Therefore, dismissal for want of prosecution is appropriate.

The Court recognizes that Plaintiff is proceeding *pro se* and acknowledges that courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[1] See, e.g., Gormley v. Nix, No. 04-12374, 2005 WL 2090282, at *3-4 (11th Cir. Aug. 31, 2005) (*per curiam*); Dickson v. Ga. State Bd. of Pardons and Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007). Thus, the Court is simply recommending dismissal without prejudice until such time as Plaintiff is

---

[1]Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

3

willing to file his case <u>and pursue it.</u>  Accordingly, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this 28th day of June, 2019, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA